**Tara D. Elliott**
Direct Dial: +1.202.637.2329
tara.elliott@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

March 18, 2024

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:     *Rizzi et al v. Netflix Inc.*, C.A. No. 24-mc-106-AS (S.D.N.Y.) – Letter Motion To File Under Seal

Dear Judge Subramanian,

We represent Defendant and Cross-Movant Netflix, Inc. ("Netflix") in the above-referenced action.  Pursuant to Rule 11(C)(ii)-(iii) of Your Honor's Individual Practices in Civil Cases, Netflix respectfully requests permission to seal Exhibits 1-3, 5-11, 17, and 19 of the Declaration of Alessandra M. Schaszberger in Support of Netflix's Memorandum of Law in Support of Cross-Motion to Transfer Under Rule 45(f) and Opposition to Motion to Quash Subpoenas and for Sanctions Under Federal Rule of Civil Procedure 45 (the "Opposition Brief")[1] and file in redacted form portions of Netflix's Opposition Brief.  Netflix conferred with Plaintiffs and Cross-Respondents Steven J. Rizzi, Esq., and Robocast, Inc. ("Robocast"), and they do not oppose this request.

The presumptive right to access judicial documents is not absolute.  *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).  Rather, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed . . . ."  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006).

Consistent with the principles set forth in *Lugosch*, Netflix respectfully requests that the Court permit Exhibits 1-3, 5-11, 17, and 19 to be filed fully under seal because Robocast has marked these documents as "Highly Confidential – Attorneys' Eyes Only" or "Confidential"

---

[1] References to "Exhibits" refer to the exhibits attached to the Declaration of Alessandra M. Schaszberger.

LATHAM&WATKINS LLP

pursuant to the Protective Order (Dkt. 2, Ex. A, Attachment B) entered in the underlying litigation—*Robocast, Inc. v. Netflix, Inc.*, C.A. No. 22-305 (D. Del.)—and redact portions of Netflix's Opposition Brief that relies on this confidential information. In accordance with the Court's Individual Practices in Civil Cases, Netflix will file through the ECF system Exhibits 1-3, 5-11, 17, and 19 under seal and electronically relate them to this Letter Motion. Netflix will also file its Opposition Brief with the proposed redactions applied and will simultaneously file under seal a copy of the Opposition Brief with the proposed redactions highlighted.

Respectfully submitted,

*/s/ Tara D. Elliott*
Tara D. Elliott (*pro hac vice* pending)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (by ECF)

Application granted.

The Clerk of Court is directed to terminate the motion at Dkt. 14.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 19, 2024